## H. H. & S. F. SLATTER *v.* C. TIERNAN et al.—THOMAS PENNEY, Garnishee.

Judgment was rendered upon a rule against a gernishee, who was ordered to deliver the assets in his possession to the Sheriff, within a delay fixed, to satisfy plaintiff's judgment against defendant, otherwise to be held liable therefor   *Held:* That after his appearance and joinder of issue on the rule the garnishee was bound without further notice to comply with the order, or assign sufficient reasons for his non-conpliance.

The property and effects of the defendant are considered as levied upon by the Sheriff from the date of the service of the interrogatories upon the garnishee.

In tendering a compliance with the order, the garnishee would have the right to require a copy of the order, otherwise when he refuses to comply with the order.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
*J. J. Henderson*, for plaintiffs.   *Benjamin, Bradford & Finney*, for garnishee and appellant.

VOORHIES, J.   The commercial firm of *Tiernan, Cuddy & Co.* was dissolved by a decree of the late First District Court of New Orleans, on the 18th of April, 1839, and *Charles Tiernan*, one of the partners, was appointed liquidator of its concerns.

On the 27th of May, 1841, the plaintiffs, *H. H. & S. F. Slatter*, obtained a judgment against *Charles Tiernan*, individually, and as surviving partner of the late firm of *Tiernan, Cuddy & Co.*, for the sum of $13,150, with interest, cost of protest, and costs of suit.   On a writ of *fieri facias* issued on this judgment on the 27th of March, 1854, the plaintiffs engrafted under the Act of 1839, proceedings in garnishment against *Thomas Penney*.   The District Court considered *Penny* liable, and accordingly gave judgment against him in favor of the plaintiffs.   On appeal taken by *Penney*, the judgment thus rendered against him was reversed by our predecessors, and the case remanded for further proceeding.   See 6 An. 567.

On the remanding of the case, *Penney* filed a supplemental answer, to which he annexed the deed of trust together with a schedule of the assets mentioned in the same, and his account with *Tiernan, Cuddy & Co.*   On a rule taken by the plaintiffs, the supplemental answer was ordered to be stricken from the record, except the deed of trust and account.   A rule was then taken by the plaintiffs upon *Penney* to make him liable, on the ground that his answers to the interrogatories propounded to him were evasive and insufficient.   On the trial of this rule, the judge *a quo* considered it essential, under the decision of our predecessors, that *Penney* should have been put in default by some other proceeding, and thereupon discharged the rule; leaving to the plaintiffs the right to proceed in any other manner they might think proper.   On the 13th

of May, 1852, the plaintiffs tendered and filed a traverse to *Penney's* answers to the interrogatories propounded to him, and also took a rule upon him to show cause why he should not deliver to the Sheriff within thirty days the assets in his possession, as evidenced by the deed of trust and account annexed to his answers. *Penney* pleaded a general denial to the traverse, and prayed for a trial by jury. As no further steps appear to have been taken on this issue, we think it may be fairly inferred from the subsequent proceedings in the cause, that it was waived by the parties. In relation to the rule, *John R. Grymes*, appointed curator *ad hoc* to represent *Penney*, filed an exception to it, on the ground that the matters and things therein set forth could not be enquired into and decided in this state of the proceedings. An answer was also filed by him, in which he denied that *Penney* had ever taken possession of any of the documents, titles, or evidences of debts set forth in the rule, or that he was in any manner liable to the plaintiffs. On the trial of the rule, the only evidence offered by *Penney*, was the record of a suit of *F. Beaumont* v. *Charles Tiernan et al*, in the Chancery Court of Mississippi. As nothing shows that *Penney* ever insisted upon the decision of the exception or a trial by jury in the court below, we are bound to presume that he must have waived both. Under these circumstances, the rule was made absolute, and *Penney*, the garnishee, ordered to deliver to the Sheriff, within ninety days, the assets thus held by him for the purpose of satisfying the plaintiffs' judgment against the defendant; otherwise, to be held liable therefor. *Penney* having failed and neglected to comply with this order, a final judgment was accordingly rendered against him in favor of the plaintiffs. He has appealed from both these judgments.

In this court, *Penney* seeks the reversal of the judgments thus rendered against him on various grounds, among others, that the interlocutory judgment was never legally served upon him, nor was the Sheriff authorized by any legal warrant or process either to require or to receive from him said assets, as the writ of *fieri facias* issued at the time of the garnishment had been returned.

After his appearance and joinder of issue on the rule, we think *Penney* was bound, without any further notice, either to comply with the order or to assign sufficient reason for his non-compliance. The return on the writ of *fieri facias*, the basis of the garnishment, shows that all the assets of the defendant in *Penney's* possession was seized by the Sheriff, and notice thereof given to all the parties concerned. This was all that could be effected in the execution of the writ during the pendency of the controversy between the plaintiffs and *Penney*, the garnishee. We do not think the garnishee could question the authority of the Sheriff under the interlocutory judgment. Hence it was immaterial, as to him, whether the writ had been returned or not. But we do not think that such return could have the effect of prejudicing the plaintiffs' rights. Under the Act of 1839, the property and effects of the defendant are deemed as levied upon by the Sheriff from the date of the service of the interrogatories on the garnishee. Such constructive seizure, therefore, exists in the present case. But it is insisted, that *Penney* was not in default, inasmuch as it is not shown that a copy of the order was in the hands of the Sheriff. It may be true, in tendering a compliance, the garnishee had a right to require such copy, but as such tender was not made, we do not think he has any reason to complain. It is also objected, that the garnishee in his answer distinctly denied

that he had in his possession any of the assets embraced in the schedule, with the exception of certain claims or debts due *Tiernan, Cuddy & Co.*, which were in the hands of lawyers in the whole south west, and in suit in many different courts. A careful examination of the answers of the garnishee, in connection with the deed of trust, schedule and account, has led us to the conclusion that he had at the time of the garnishment in his possession sufficient funds, property and effects belonging to the late firm of *Tiernan, Cuddy & Co.*, to satisfy the plaintiffs' claim. But the right to apply these assets to the payment of the plaintiffs' judgment against *Charles Tiernan* is denied, on the ground that the latter had no authority to stand in judgment for the succession of his deceased partners. This may be conceded, but we do not think the garnishee can, under the circumstances, avail himself of it as a defence or shield for his refusal to comply with the order of the court below. Whether those assets may be legally sold under, or applied to the payment of the plaintiffs' judgment or not, is a question which we think the garnishee cannot be permitted to raise in this case. It is perfectly clear, under the decree of the late First District Court of New Orleans, *Tiernan*, as liquidator, was invested with authority to apply the funds of the partnership to the payment of its debts. It is not denied, that the plaintiffs' debt was a debt due by the partnership, and, consequently, entitled to be paid out of its assets. In relation to the deed of trust, it is clear that it cannot affect the rights of creditors in this State. 13 L. 554 ; 3 An. 394; 17 L. 590.

Judgment affirmed.

LEA, J., dissenting.